UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOCELYN RAINEY,

       Plaintiff,

-vs.

EDUCATIONAL CREDIT
MANAGEMENT CORP.,

       Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Jocelyn Rainey, through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here, and Defendant transact business here.

## PARTIES

4.  Plaintiff Jocelyn Rainey is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant, Educational Credit Management Corp., (hereinafter "ECMC") is a corporation which was formed in Minnesota with its principal place located in the City of Oakdale, in the State of Minnesota. ECMC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ECMC is a "debt collector" as the term is defined and used in the FDCPA. ECMC is a "collection agency" by the State of Michigan pursuant to the Michigan Occupational Code, M.C.L. § 339.901 *et seq*.

## VENUE

6.  The transactions and occurrences which give rise to this action occurred in Wayne County.

7.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.  Plaintiff received federally guaranteed student loans from Chase Bank in the 1990s to pursue her bachelor and master degrees.

9. Plaintiff's federally guaranteed student loans went into default in the early 2000s.

10. After the student loans were in default, ECMC acquired the loans in January of 2011.

11. Plaintiff refinanced the student loans with Sallie Mae in November of 2013.

12. Sallie Mae in turn paid Defendant ECMC in full in November of 2013.

13. Plaintiff is required to make monthly payments to Sallie Mae in the amount of $841.49 per month.

14. January 2014 Defendant ECMC resumed its garnishments of Plaintiff's wages in an average amount of $242.18 biweekly.

15. All the while Plaintiff was not in debt to Defendant ECMC but to Sallie Mae

16. Defendant ECMC wage garnishments continued for 23 times after the debt was with Sallie Mae.

17. The garnishments caused Plaintiff to suffer extreme economic hardship.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

18. Plaintiff incorporates the preceding allegations by reference.

19. At all relevant times Defendant, in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

22. Defendant's foregoing acts in attempting to collect this debt violated 15 U.S.C. § 1692 et seq.

23. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.**

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

27. Defendant's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

28. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

30. Plaintiff incorporates the preceding allegations by reference.

31. Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

32. Plaintiff is a "consumer" as that term is defined at M.C.L. § 445.251.

33. Defendant's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

34. Plaintiff has suffered damages as a result of these violations of the MCPA..

35. These violations of the MCPA were willful.

## COUNT IV – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

36. Plaintiff incorporates the preceding allegations by reference.

37. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

38. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy; thus Defendant violated Michigan state law.

39. The conduct of the Defendant in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

41. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

## COUNT V - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

42. Plaintiff incorporates the preceding allegations by reference.

43. The acts, practices and conduct engaged in by the Defendant vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

45. Defendant could reasonably foresee their conduct would cause mental anguish and severe emotional distress to Plaintiff.

46. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Stephen A. Thomas

October 31, 2014
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan 48226
313-965-2265
sathomasplccmecf@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN )
) ss
COUNTY OF WAYNE )

I, Jocelyn Rainey, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jocelyn Rainey
Subscribed and sworn to before me this
31 day of October 2014

_____
Notary Public

Stephen A. Thomas, Notary Public
State of Michigan, County of Wayne
My Commission Expires 3/30/2019
Acting in the County of WAYNE