UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOCELYN E. RAINEY,

      Plaintiff,                           Case No. 14-cv-14210
                                          Hon. Matthew F. Leitman

v.

EDUCATIONAL CREDIT
MANAGEMENT CORP.

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT (ECF #22)

In this action, Plaintiff Jocelyn Rainey ("Rainey") claims that Defendant Educational Credit Management Corp. ("ECMC") violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA" or the "Act") and two Michigan statutes when it attempted to collect her outstanding student loan debt. (*See* Compl., ECF #1.)  Rainey also alleges that ECMC's debt collection activities constituted two common law torts. (*See id.*)

ECMC has moved for summary judgment (the "Motion"). (*See* ECF #22.) ECMC has submitted persuasive evidence that it was not acting as a "debt collector" as defined by the FDCPA when it attempted to collect Rainey's debt. Rainey has presented no evidence to counter that showing.  ECMC has also argued that Rainey's state-law and common-law claims are preempted under federal law,

1

and ECMC has cited authority in support of that argument. Rainey has offered no response to ECMC's preemption argument, and the Court thus deems Rainey to have abandoned her state-law and common-law claims. Accordingly, for the reasons stated herein, the Court **GRANTS** the Motion.

## RELEVANT FACTUAL BACKGROUND

ECMC is a guarantor in the Federal Family Education Loan Program (the "FFELP"). (*See* Aff. of Jennifer Skerbinc, ECF-22-1 at ¶1, Pg. ID. 290.) ECMC also provides specialized guarantor services to the Department of Education and other FFELP guaranty agencies. (*See id.*)

On or about December 29, 2006, Rainey signed a promissory note for a consolidation loan through the FFELP. (*See* Note, ECF #22-1 at 5-8, Pg. ID 294-97.) In February 2007, Rainey stopped making her loan payments. (*See* Skerbinc Aff. at ¶¶ 6-7, Pg. ID 291.) After the lender filed a claim for default, it transferred the loan to ECMC in its role "as guarantor." (*Id.* at ¶8, Pg. ID 291.)

ECMC thereafter contacted Rainey "to set up repayment of the defaulted loan." (*Id.* at ¶10, Pg. ID 291.) Rainey and ECMC agreed to a "loan rehabilitation plan" on May 25, 2011. (*Id.* at ¶12, Pg. ID 291.) However, in July 2011, Rainey missed two more loan payments. (*See id.* at ¶13, Pg. ID 292.) ECMC then issued an "order of withholding from earnings" to Rainey's employer, and Rainey's employer began making payments "to ECMC from wages withheld from

2

[Rainey's]" paychecks. (*Id.* at ¶16, Pg. ID 292.)  Importantly, "[a]ll activities by ECMC related to [Rainey's] account where performed in the capacity as a FFELP guarantor." (*Id.* at ¶9, Pg. ID 291.)

On November 12, 2013, Rainey obtained a new loan, and funds from that loan paid off Rainey's outstanding debt to ECMC. (*See id.* at ¶17, Pg. ID 292.) Rainey's employer thus stopped sending funds from Rainey's paychecks to ECMC, and ECMC stopped all collection related activities.[1] (*See id.* at ¶19, Pg. ID 292.)

## **PROCEDURAL HISTORY**

Rainey filed her Complaint in this action on October 31, 2014. (*See* Compl., ECF #1.)  Rainey claims that ECMC violated the FDCPA and two Michigan statutes.  She also alleges that ECMC committed two common-law torts. Specifically, Rainey alleges that in connection with in its collection of her outstanding debt, ECMC:

- Violated the FDCPA. (*See id.* at ¶¶ 18-23.)
- Violated the Michigan Occupational Code, M.C.L. § 339.915. (*See id.* at ¶¶ 24-29.)

---

[1] For reasons that are unclear, between March 24, 2014, and September 23, 2014, Rainey's employer again began sending funds from Rainey's paycheck to ECMC. (*See* Skerbinc Aff. at ¶20, Pg. ID 292.)  ECMC has since "refunded all of the monies [it] received from [Rainey's] employer" during this period. (*Id.* at ¶21, Pg. ID 292.)

- Violated the Michigan Collection Practices Act, M.C.L. § 445.241. (*See id.* at ¶¶ 30-35.)
- Committed the common-law tort of Invasion of Privacy by Intrusion Upon Seclusion. (S*ee id.* at ¶¶ 36-41.)
- Committed the common-law tort of Intentional (or Negligent) Infliction of Emotional Distress. (*See id.* at ¶¶ 42-46.)

ECMC filed its Answer on January 6, 2015. (*See* ECF #4.)  As affirmative defenses, ECMC asserted, among other things, that the FDCPA "is not applicable to Defendant and/or its actions to collect amounts owed by Plaintiff pursuant to 15 U.S.C. §1692(a)(6)(F)(i)." (*Id.* at Pg. ID 23.)  As explained in more detail below, the cited provision of the FDCPA exempts from the definition of "debt collector" certain collection activities that are incidental to a fiduciary obligation.  ECMC also asserted as an affirmative defense that all of Rainey's state-law and common-law claims were preempted by the federal Higher Education Act, 20 U.S.C. §1001 *et seq*. (the "HEA"). (*See* ECF #4 at Pg. ID 24.)

ECMC moved for summary judgment on November 25, 2015. (*See* Mot., ECF #22.)  The Court held a hearing on the Motion on March 15, 2016.  At the hearing, counsel for Rainey conceded that he did not conduct any discovery concerning ECMC's affirmative defense that it did not act as a "debt collector" because its actions here were incidental to a fiduciary obligation.  Instead, he simply issued the standard discovery that he issues to every defendant in every

FDCPA case that he handles.  A copy of those standard requests is included in the record. (*See* ECF #15-2, Pg. ID 144-169.)

## **GOVERNING LEGAL STANDARD**

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *SEC v. Sierra Brokerage Services, Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252.  Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252.  "Credibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge…" *Id.* at 255.

## ANALYSIS

**A.    ECMC is Entitled to Summary Judgment With Respect to Rainey's FDCPA Claim Because It Did Not Act as a "Debt Collector" When It Attempted to Collect Rainey's Debt**

The FDCPA regulates the conduct of, and creates causes of action against, "debt collectors."  The Act defines "debt collector," *see* 15 U.S.C. §1692a(6), and it specifically *excludes* from that definition

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) *is incidental to a bona fide fiduciary obligation* or a bona fide escrow arrangement[.]

15 U.S.C. §1692a(6)(F)(i) (emphasis added).  With respect to this exclusion, the United States Court of Appeals for the Ninth Circuit has explained:

> Two requirements must be satisfied for an entity to come within the exception to the FDCPA for collection activities 'incidental to a bona fide fiduciary obligation.' 15 U.S.C. §1692a(6)(F)(i).  First, the entity must have a 'fiduciary obligation.'   Second, the entity's collection activity must be 'incidental to' its 'fiduciary obligation.'

*Rowe v. Educational Credit Man. Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009).  ECMC satisfies both of these requirements in this action, and thus its collection activities here are not covered by the FDCPA.

First, ECMC is a "guaranty agency" under the HEA, and in that capacity it "owes a fiduciary obligation" to the United States Department of Education. *Id.* at 1033-34.  Indeed, "[e]very court that has addressed whether a guaranty agency

6

owes a fiduciary obligation to the Department of Education has held that it does."
*Id*. at 1034 (collecting cases).

Second, ECMC's collection activities here were "incidental to" its fiduciary
obligation.  The Ninth Circuit's decision in *Rowe* is instructive on this point:

> Generally speaking, the collection of defaulted debts by a guaranty
> agency is 'incidental to' its primary function.  A central part of a
> guaranty agency's administrative function is – as the name suggests –
> guaranteeing student loans made by other entities.   The primary
> business purpose of [a guaranty agency] is administration of the
> Guaranteed Student Loan Program.   While [a guaranty agency]
> regularly sends these [collection] notices, such activity is incidental to
> its primary function of administering the federal GSL Program.

*Id.* at 1035.  Simply put, when a guaranty agency seeks to collect a debt in its
capacity as guarantor (i.e., the capacity in which it owes fiduciary obligations), the
agency's collection activities are "incidental to" its fiduciary obligations, and the
FDCPA does not apply.  *See id*.  In contrast, where a guaranty agency seeks to
collect a debt on behalf of a third party and is not acting in its capacity as
guarantor, the collection activities are not incidental to the agency's fiduciary
obligations, and the FDCPA does apply. *See id.*

Here, ECMC has produced evidence that it was seeking to collect from
Rainey in its capacity *as guarantor*.  ECMC has submitted the affidavit of one of
its employees, Jennifer Skerbinc ("Skerbinc"), in which she attests that (1)
Rainey's loan was transferred to ECMC in its role "as guarantor" (Skerbinc Aff. at
¶8, Pg. ID 291), and (2) "[a]ll activities by ECMC related to [Rainey's] account

were performed in the capacity as a FFELP guarantor." (*Id.* at ¶9, Pg. ID 291.) Rainey has not presented any evidence to refute these sworn statements. Nor did she even attempt to gather or develop such evidence during discovery.

Rainey insists that ECMC "never produced evidence" that it functioned as a guarantor and that "[t]herefore, ECMC was merely acting as a debt collector." (Resp. to Mot. for Summ. J. at 3, ECF #24 at 8, Pg. ID 310.) But, as described above, ECMC *did* produce evidence that it was acting in its capacity as "guarantor." And it bears repeating that Rainey neither attempted to discover, nor presented to the Court, any evidence to the contrary.[2]

---

[2] Rainey argues that the Ninth Circuit's decision in *Rowe, supra*, supports her argument that ECMC was functioning as a "debt collector." But she ignores the critical differences between the procedural posture of *Rowe* and of this case. *Rowe* came to the Ninth Circuit after the district court had granted a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the context of such a motion, a court must accept as true the allegations in the complaint. The plaintiff in *Rowe* alleged that "ECMC's sole function was to take assignment of the loan … and to act as a collection agent." *Rowe*, 559 F.3d at 1035. The Ninth Circuit held that given that allegation, the district court erred in concluding as a matter of law that ECMC collected the debt in its capacity as guarantor. *See id.* The Ninth Circuit expressly recognized that discovery could disprove the allegation and compel the conclusion that ECMC was acting as a guarantor, *see id.*, and that is precisely what happened following the Ninth Circuit's remand to the district court. After the close of discovery, the district court granted summary judgment to ECMC because the evidence established that it was acting in its capacity as guarantor, not merely as a collection agent for a third party. *See Rowe v. Educational Credit Man. Corp.*, 730 F. Supp. 2d 1285, 1288-90 (D. Or. 2010). Because this action is at the summary judgment stage, this Court need not accept as true Rainey's allegation that ECMC was acting as a third party debt collector. Instead, like the district court in *Rowe* after remand, this Court may consider the record evidence on the question of whether ECMC was acting as a guarantor.

Rainey also argues that ECMC must have been a "debt collector" because it "got the debt after it was in default." (Resp. to Mot. for Summ. J. at 2, ECF #24 at 7, Pg. ID 309.) She cites no authority for the proposition that a guaranty agency like ECMC is a "debt collector" as a matter of law if began acting as guarantor of the debt after the debt was already in default, and courts have expressly rejected that argument. *See, e.g., Rowe v. Educational Credit Man. Corp.*, 730 F. Supp. 2d 1285, 1288-89 (D. Or. 2010) (holding that ECMC's collection activities were incidental to its fiduciary obligations – and, thus, that ECMC was not acting as a "debt collector" – even though ECMC acquired the debt after it had gone into default).

Finally, Rainey argues that ECMC was not acting as a guarantor because it "wasted no time to start its collection activities (less than 3 months [after Rainey's loan was transferred]"). (Resp. to Mot. for Summ. J. at 4, ECF #24 at 9, Pg. ID 311.) But the timing of ECMC's collection activities says nothing about whether it undertook those activities in its capacity as guarantor.

## B.   ECMC is Entitled to Summary Judgment With Respect to Rainey's State-Law and Common-Law Claims

ECMC argues that Rainey's claims under state law and common law are preempted by the HEA and multiple federal regulations (*see* 34 C.F.R. §§ 682.410

---

Since that evidence confirms that ECMC was acting in that capacity, ECMC is entitled to summary judgment.

and 682.411). (*See* ECMC Mot. for Summ. J. at 12-24, ECF #22 at 16-28, Pg. ID 276-88.)   ECMC has cited substantial authority in support of its preemption argument. (*See id.*)

Rainey's written response to ECMC's argument was a single conclusory sentence: "There is no premise for the dismissal of the state law claims." (Resp. to Mot. for Summ. J. at 4, ECF #24 at 9, Pg. ID 311.)[3]  And when pressed on the preemption issue at the hearing before the Court, Rainey's counsel was unable to offer any substantive response to ECMC's preemption argument.  By failing to offer any response to ECMC's preemption arguments, Rainey has abandoned her state-law claims. *See, e.g., Phillips v. UAW International*, --- F. Supp. 3d ---, 2016 WL 759347, at *6 (E.D. Mich. Feb. 26, 2016) ("A plaintiff abandons undefended claims.") (citations omitted).  Accordingly, ECMC is entitled to judgment on Rainey's state-law and common-law claims.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that ECMC's motion for summary judgment (ECF #22) is **GRANTED**.

                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
Dated:  April 21, 2016        UNITED STATES DISTRICT JUDGE

---

[3] In support of that sentence, Rainey cited the Ninth Circuit's decision in *Rowe*. (*See* Resp. to Mot. for Summ. J at 4, ECF #24 at 9, Pg. ID 311.)  But the Ninth Circuit said *nothing* – not one word – about preemption.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113